**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

**WYOMING RESCUE MISSION,**

*Plaintiff,*

v.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ET AL.,**

*Defendants.*

Civil Case No.: 1:22-cv-00206

**JOINT CONSENT DECREE BETWEEN PLAINTIFF WYOMING RESCUE MISSION AND DEFENDANT DIRECTOR ROBIN SESSIONS COOLEY**

Plaintiff Wyoming Rescue Mission ("the Mission") and Defendant Wyoming Department of Workforce Services Director Robin Sessions Cooley ("the Director") hereby agree to the following[1].

On September 20, 2022, the Mission sued Defendant Equal Employment Opportunity Commission, EEOC Chair Charlotte Burrows, and the Director for violating the Mission's rights under the First Amendment and the Religious Freedom Restoration Act. The Mission sought declaratory and injunctive relief against the Defendants. *See* ECF No. 1. Counsel for the Director appeared on October 3, 2022. *See* ECF Nos. 10, 11. The Mission filed a Motion for Preliminary Injunction and Memorandum in Support on October 11, 2022. *See* ECF Nos. 17, 18. A hearing on the Motion for Preliminary Injunction was set for November 10, 2022. *See* ECF No. 19. The Mission and Director Cooley then engaged in good faith negotiations to reach a resolution in this case.

The Mission and Director Cooley agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Mission

[1] Defendants Equal Employment Opportunity Commission and EEOC Chair Charlotte Burrows are not parties to this consent decree.

and Director Cooley in good faith, that settlement of this matter is intended to avoid expensive and protracted litigation between the Mission and Director Cooley, and that this Consent Decree is fair, reasonable, and in the public interest.

Therefore, with the Mission's and Director Cooley's consent, (see ECF No. 27), it is ordered and decreed as follows:

## JURISDICTION

For purposes of entry and enforcement of this Consent Decree, the Mission and Director Cooley agree that the Court retains jurisdiction over this action and may issue such further orders or directions solely as may be necessary or appropriate to enter, construe, implement, modify, or enforce the terms of this Consent Decree. The Mission and Director Cooley agree to provide written notice to all counsel of record of their intent to seek judicial relief regarding any dispute arising from this Consent Decree, no less than five (5) days prior to filing for relief with the Court.

## COVENANTS

Defendant Cooley agrees, stipulates, and covenants the following:

- Under present Wyoming law, The Wyoming Fair Employment Practices Act (FEPA), by its plain unambiguous language, exempts and does not apply to religious organizations or associations. *See* Wyo. Stat. Ann. § 27-9-102(b).
- The Mission is a religious organization and therefore Wyoming's FEPA does not apply to the Mission.
- She (and her successors, officers, agents, and employees) cannot, will not, and has no jurisdiction under present Wyoming law to enforce—including by issuing charges of discrimination and investigating—Wyoming's FEPA against the Mission for any alleged violation of FEPA.

- She (and her successors, officers, agents, and employees) cannot and will not enforce Title VII of the Civil Rights Act of 1964[2] against the Mission for its employment decisions that are based on agreement with and adherence to its religious beliefs and practices.
- The Mission may prefer to hire only coreligionists—those individuals who agree with and live out the Mission's religious beliefs and practices—for all positions without the risk of enforcement or investigation of violations of FEPA or Title VII of the Civil Rights Act of 1964 by Director Cooley (and her successors, officers, agents, and employees) or the Department of Workforce Services.
- The Mission may also terminate and discipline employees based on their agreement with and adherence to the Mission's religious beliefs and practices without the risk of enforcement or investigation of violations of FEPA or Title VII of the Civil Rights Act of 1964 by Director Cooley (and her successors, officers, agents, and employees) or the Department of Workforce Services.
- Director Cooley (and her successors, officers, agents, and employees) agrees that under present Wyoming law, the Mission's use of the Department of Workforce Services' online job postings board by listing its open positions with a statement that all Mission employees must agree with and abide by the Mission's religious beliefs and practices will not result in enforcement actions or investigation of violations on the basis that such a posting would violate FEPA or Title VII of the Civil Rights Act of 1964.

[2] To the extent she interprets and enforces Title VII in conjunction with or in addition to the federal government pursuant to a workshare agreement or otherwise.

**ATTORNEYS' FEES AND COSTS**

Defendant Cooley shall pay to the Mission $10,000.00 in attorneys' fees and costs to the Mission's attorneys, Alliance Defending Freedom, within thirty (30) days of the date this Order is signed.

Upon payment of the amounts set forth above, all claims not resolved by this Consent Decree are dismissed, provided that the Court retains jurisdiction of this case solely to enforce the terms of this Consent Decree.

**MODIFICATIONS**

This Consent Decree shall not be modified or amended except by mutual written consent by the Mission and Director Cooley (or her successors or assignees), with approval of the Court.

To the extent this consent decree may become inconsistent with Wyoming law, the portions of the decree not affected by a change in law will remain enforceable.

**REPRESENTATIVE AUTHORITY**

Each undersigned representative of the Mission and Director Cooley to this Consent Decree certifies that he or she is fully authorized by the party to enter into and execute the terms and conditions of this Consent Decree, and to legally bind such party to this Consent Decree. By their representative's signature below, the Mission and Director Cooley consent to entry of this Consent Decree.

Respectfully submitted this 21st day of November, 2022.

/s/ *Ryan Tucker*
David A. Cortman*
AZ Bar No. 29490
Ryan Tucker*
AZ Bar No. 034382
Jeremiah Galus*
AZ Bar No. 30469
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
dcortman@ADFlegal.org
rtucker@ADFlegal.org
jgalus@ADFlegal.org

/s/ *John G. Knepper*
John G. Knepper
WY Bar No. 7-4608
Law Office of John G. Knepper, LLC
1720 Carey Avenue, Suite 590
Cheyenne, WY 82001
Telephone: (307) 632-2842
john@knepperllc.com

/s/ *Jacob E. Reed*
Jacob E. Reed*
VA Bar No. 97181
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, VA 20176
Telephone: (571) 707-4655
jreed@ADFlegal.org

*Counsel for Plaintiff*

*Admitted *Pro Hac Vice*

/s/ Peter F. Howard
Peter F. Howard #7-5325
Senior Assistant Attorney General
Molly N. Feezer #8-6537
Assistant Attorney General
Wyoming Attorney General's Office
109 State Capitol
Cheyenne, Wyoming 82002
(307) 777-5820
(307) 777-8920 Facsimile
Peter.howard1@wyo.gov
Molly.feezer@wyo.gov

*Counsel for Defendant Cooley*

## ORDER

Upon consideration of the above, the Court finds that this Consent Decree is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest. The foregoing Consent Decree is hereby APPROVED.

There being no just reason for delay, the Court expressly directs ENTRY OF FINAL JUDGMENT in accordance with the terms of the Consent Decree.

DATED this ___ day of _____________, 20___, at Casper, Wyoming.

/s/______________________________
Judge Scott Skavdahl
UNITED STATES DISTRICT JUDGE